## Commonwealth v. Wisseman.

*Husband and wife—Desertion—Support of child—Costs—Counsel fee—Acts of May 3, 1850, and April 13, 1867.*

1. In a proceeding under the Act of April 13, 1867, P. L. 78, by a wife against her husband for an order for the support of her minor children, the court, in granting the order, may direct the husband to pay a reasonable fee to the private counsel employed by the wife.

2. Under the Act of May 3, 1850, P. L. 654, the district attorney, in such a proceeding, represents the interests of the Commonwealth alone, notwithstanding that the fruits of his labor may flow to the benefit of the wife and children of the respondent.

Exceptions to taxation of costs. Q. S. Somerset Co., Sept. Sess., 1925, No. 237.

P. G. Cober, District Attorney, and D. R. Heckman, for Commonwealth.

Boose & Boose, for defendant.

BERKEY, P. J.—Freda Wisseman, wife of Fred Wisseman, instituted against her husband proceedings in desertion and non-support of their minor child (the wife waiving claim for support for herself) under the Act of April 13, 1867, P. L. 78. The case was heard by the court Jan. 4, 1926, when the court entered the following order:

"The order of the court is that you, Fred Wisseman, pay Daryle R. Heckman, attorney for the prosecutrix, the minimum counsel fee allowed by the fee bill (the bar association fee bill of Somerset County), and pay into the office of the Clerk of Courts the sum of ten dollars presently and ten dollars monthly from this date, to be remitted by the clerk to Freda Wisseman, the prosecutrix, at her last known post office address, for the child's support, costs, &c."

February, 1926, the defendant excepted to the $20 item allowed Attorney Daryle R. Heckman for the prosecution of the case against the defendant, assigning reasons as follows:

"1. The above item was taxed as costs in the above stated cases, being counsel fee for Daryle R. Heckman, Esq., who was private counsel for Freda Wisseman, the prosecutrix in the above stated case; and there is no authority under the laws of the State of Pennsylvania to tax counsel fees as part of the costs to be paid by the defendant in a prosecution for desertion and non-support.

"2. It is the duty of the district attorney, in his official capacity, to represent the prosecutrix in all cases of desertion and non-support, and if the prosecutrix desires to employ private counsel to prosecute the case, it is incumbent upon her to pay the counsel she employs, and the same cannot be taxed against the defendant as part of the costs in the case.

"3. The defendant is not legally liable for the payment of the item of costs above excepted to, and the same should not have been taxed of record as costs in said case."

The Act of 1867, an act for the relief of wives and children deserted by their husbands and fathers in this Commonwealth, gives the Court of Quarter

Sessions jurisdiction of the complaint by the wife alleging desertion and non-support of herself or their children. The third section of the act provides: "That the costs of all proceedings, by virtue of this act, shall be the same as are now allowed by law in cases of surety of the peace, to be imposed in like manner."

The district attorney's fee bill applying to Somerset County was approved April 12, 1866, P. L. 103, and includes the costs in "every case of surety of the peace," being $5, payable to the district attorney for his services, and this act fixes the fees of the district attorney in desertion cases under the Act of 1867.

The Act of May 3, 1850, P. L. 654, fixes the duties of the district attorney as follows: "And the officer so elected shall sign all bills of indictment and conduct in court all criminal or other prosecutions in the name of the Commonwealth, or, when the State is a party, which arise in the county for which he is elected, and perform all duties which now by law are to be performed by deputy attorneys-general, and receive the same fees or emoluments of office."

There is not only a moral obligation required on the husband to support his wife or his children, but also a duty imposed by law. The duty exists both at common law and under the statutes of this State. It is a public duty being owed by the husband not only to his wife and family, but also to the State. The duty is owed to the State not only to keep the wife and family from becoming a charge on the body politic, but properly to maintain them, having regard for their established condition in life and the circumstances materially affecting their lives and pursuit of happiness as citizens: 30 Corpus Juris, 517, § 29, note 53 (a).

This being the state of the law, the duties of the district attorney, as recited in the first section of the Act of May 3, 1850, P. L. 654, "requiring the district attorney to represent the Commonwealth when the State is a party," the court concludes that the district attorney, in a proceeding in the Court of Quarter Sessions charging a husband and father with non-support of the wife or child or children, represents the interests of the Commonwealth alone, notwithstanding that the fruits of the labors of the district attorney may flow to the benefit of the wife, child or children.

Under this view of the state of the case, I am of the opinion she may employ private counsel to represent her or her minor children at the expense of the husband and father to enable her to recover the support she is, or their children are, legally entitled to.

Upon the decree for separate maintenance of the wife or children, allowance of fees in a reasonable amount for the wife's attorneys may be assessed against the husband: 30 Corpus Juris, 1097, § 916.

Where a woman was compelled to institute proceedings against her husband to compel him to furnish her with support and maintenance, the legal assistance furnished was deemed necessary, for which the husband was held liable: 13 Ruling Case Law, 1210, § 243.

While counsel in this case upon the argument have cited no cases bearing upon the question in point, I have made a thorough examination of the law of this State as well as others pertaining thereto. I find no decided cases in Pennsylvania upon this question. I am content, however, to hold that the authorities cited are founded upon equity and justice to the wives and families of delinquent husbands and fathers. It is probable it would have been best to enter this order of an allowance of $20 to the wife for the payment of counsel fees, instead of making it direct to the attorney, but the form thereof in no way affects the substance. Exceptions overruled.